```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

CARLA HARPSTER, AS MOTHER AND
NEXT FRIEND OF THE MINOR, CARLY
SALEZ, FOR AND ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES OF
RANDY T. SALEZ, DECEASED                                PLAINTIFF


VS.                           CIVIL ACTION NO. 4:05CV187LR


CHARLES "CHAZ" THOMAS, IV; CHARLES
THOMAS, III; SHUQUALAK LUMBER COMPANY,
INC.                                                   DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

There has been filed in this cause a "Suggestion of Rebecca Salez, Randi Adams Salez, and Katherine Davis Love Salez to Dismiss for Failure to Join an Indispensable Party, or, Alternatively, to Stay." Plaintiff Carla Harpster has responded in opposition and the court, having considered the memoranda of authorities, together with attachments, submitted relative to this motion, concludes that this case should be dismissed for nonjoinder of indispensable parties.

This is a wrongful death action brought on account of the death of Randy Salez, who died on August 19, 2005 as the result of an automobile accident in Noxubee County, Mississippi, in which the truck he was driving was struck by a truck owned by defendant Charles Thomas III, and driven by Charles Thomas IV, in the course

and scope of his employment for defendant Shuqualak Lumber Company.  On November 28, 2005, Carla Harpster, Randy Salez's former wife, filed this wrongful death action, purporting to sue as mother and next friend of Carly Salez, her and Randy Salez's minor daughter, and "for an on behalf of all wrongful death beneficiaries" of Randy Salez.[1]  Thereafter, on February 6, 2006, Rebecca Salez, Randy Salez's widow and the administratrix of his estate, and Randy and Rebecca Salez's two children, Randi Adams Salez and Katherine Davis Love Salez, filed a second wrongful death suit in the Circuit Court of Noxubee County.  As Mrs. Salez and the other wrongful death beneficiaries in the Noxubee County suit are Mississippi residents whose joinder as parties in this action would destroy diversity jurisdiction, they filed the present motion contending they are indispensable parties and asking that the court dismiss this suit so that they may pursue their state court suit.

The question whether this federal action may proceed without the joinder of Rebecca Salez, Randi Adams Salez and Katherine Davis Love Salez is determined by Federal Rule of Civil Procedure Rule 19(a).  Morrison v. New Orleans Public Serv. Inc., 415 F.2d 419, 422-23 (5th Cir. 1969).  Rule 19(a) requires the joinder of any person who is subject to this court's personal jurisdiction

---

[1] Carla and Carly Harpster are residents of St. Bernard Parish, Louisiana, and brought the action in this court based on diversity jurisdiction.

and whose joinder will not destroy subject matter jurisdiction if:

> in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring doubt, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed. R. Civ. Proc. 19(a).  If such person cannot be made a party, then the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  In determining whether a party is indispensable,

> [t]he factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. Proc. 19(b).

In Morrison v. New Orleans Public Service Inc., 415 F.2d 419, 422-23 (5th Cir. 1969), the court considered whether a wrongful death action brought in federal court by a widow and five of the decedent's children could proceed without the joinder of the decedent's three other children whose joinder would have destroyed diversity jurisdiction.  Applying the Rule 19 criteria for

3

evaluating whether the absent wrongful death beneficiaries were indispensable parties, the court first determined that the absent Morrison children had a direct interest in the plaintiffs' claim for damages for the decedent's pain and suffering because Louisiana law transmitted the right to such damages to the widow and all the decedent's children but permitted only a single lump-sum damage award for the decedent's pain and suffering which was recoverable in a single action.  Id. at 423.[2]  The children were thus "persons to be joined if feasible."  Id.  The court further concluded that in equity and good conscience the federal case could not proceed without the absent children's joinder because Louisiana law provided for a single wrongful death action which included both the indivisible claim for the decedent's pain and suffering and the individual claims of the survivors for damages caused them by the loss of the decedent, which claims could not be split into separate actions.  Id. at 424.  See also id. at 425 (explaining that if the case were to proceed without the absent Morrison children, "they could not subsequently maintain their claims in the Louisiana court because of the Louisiana prohibition against claim-splitting and multiple actions for wrongful death").

---

[2]   In Morrison, the court noted that "[i]n a diversity case the question of joinder is one of federal law.  To be sure, state-law questions may arise in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter."  415 F.2d at 422-23.

Because the absent children could not join in the action without depriving the federal court of subject matter jurisdiction, the district court had the discretion to dismiss the action for nonjoinder.  Id.

Mississippi's wrongful death statute establishes "three alternatives for bringing a wrongful death suit." Long v. McKinney, 897 So. 2d 160, 168 (Miss. 2005) (citing Miss. Code Ann. § 11-7-13).  The action may be brought "(1) by the personal representative on behalf of the estate and all other persons entitled to recover; (2) by one of the wrongful death beneficiaries on behalf of all persons entitled to recover; or (3) by 'all interested parties. . . .'" Id.[3]

---

[3]  On this point, Mississippi's wrongful death statute, Mississippi Code Annotated § 11-7-13, states:
> Whenever the death of any person . . . shall be caused by any real, wrongful or negligent act or omission . . . as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, . . . and such deceased person shall have left . . . children . . ., the person or corporation, or both that would have been liable if death had not ensued, and the representatives of such person shall be liable for damages, notwithstanding the death,. . . .  The action for such damages may be brought in the name of the personal representative of the deceased person . . . for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit. . . .

> The statute states, however, that
>
>> there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. Except as otherwise provided in Section 11-1-69, in such action the party or parties suing shall recover such damages allowable by law as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.

Miss. Code Ann. § 11-7-13. This provision of the statute for many years had been interpreted "to allow a suit by the personal representative, or by the wrongful death heirs, but not by both," and thus "had generally been interpreted to provide exclusive authority to a wrongful death beneficiary who files suit to pursue the claims of the estate." Long, 897 So. 2d at 168 (citations omitted). Moreover, it was apparently the view of most members of the state bar and bench that a wrongful death beneficiary could prosecute an action on behalf of all persons entitled to recover, with or without their consent, and that, absent her agreement, other claimants were prohibited from joining in to participate in the litigation with counsel of their choice. Id.

In Long, the court recognized that there are "potential conflicts of interest inherent in such a restricted view," id. at 169, conflicts which are inherent because "in wrongful death litigation, there are several kinds of damages which may be pursued, and these damages are not due to the same claimants," id. For example, the estate is entitled to recover funeral costs and

final medical expenses; the beneficiaries are entitled to recover for their respective claims of loss of society and companionship and are entitled to recover the present net cash value of the decedent's continued existence; and a spouse is entitled to loss of consortium.  Yet the person who wins the race to the courthouse, the court observed, may have no incentive to pursue damages that would benefit others, particularly where there is a limited fund for recovery, which presents a pecuniary conflict. Id. 170-71.  Moreover, a conflict exists where there are interested persons who do not wish to be represented by the attorney in the first-filed case.  Id. at 171.

 The court thus undertook to "eliminate the inherent conflict of interest and simplify the decisions to be made by trial courts where more than one heir wishes to participate in the litigation to protect their individual interests."  Id. at 171.  The court held that "in wrongful death litigation, all claims shall be joined in one suit," id. at 174, and "[e]ach claimant, as a matter of right, may join in the litigation and participate as fully as any other claimant," id.  "The interests of claimants not joining in shall be represented by counsel for the claimant filing suit." Id.

 Because Mississippi law provides for a single wrongful death action that encompasses the claims for all damages of every kind to the estate and all wrongful death beneficiaries, it follows that Mrs. Salez and her children have a direct interest in this

7

litigation.[4]  That cannot be disputed.  Moreover, the reasons which prompted the court in Long to recognize a right on the part of all wrongful death beneficiaries to participate as parties in the wrongful death suit, if they so choose, persuade this court

---

[4]   According to the court in Long, "the proper basis and authority for requiring all litigants to proceed in one wrongful death suit is not found in the statute, but rather in the principle of priority jurisdiction, and the Mississippi Rules of Civil Procedure."  897 So. 2d at 172.  The former recognizes that a plaintiff may not simply ignore a prior action and bring a second, independent action on the same state of facts while the original action is pending, and therefore, "'where two suits between the same parties over the same controversy are brought in courts of concurrent jurisdiction, the court which first acquires jurisdiction retains jurisdiction over the whole controversy to the exclusion or abatement of the second suit. . . .'"  Id. at 172 (quoting Huffman v. Griffin, 337 So. 2d 715, 719 (Miss. 1976)).  The court in Long held that the single suit rule for wrongful death actions was a "logical extension of the principle of priority jurisdiction," and held that "the first court to properly take jurisdiction of a wrongful death action in our state courts shall, so long as that action is pending, have exclusive jurisdiction, and any other subsequently-filed action for the same death shall be of no effect."  Id.  The court further observed that "no lawsuit brought before our judiciary [is] more qualified for compulsory joinder provided under Rule 19, than a suit for wrongful death" and therefore held that "in wrongful death litigation, all claims shall be joined in one suit."  Id. at 174.
    Mrs. Salez and her children argue that because the principle of priority jurisdiction applies only to coordinate courts, i.e., those created by the same sovereign, the rule does not apply when one case is in state court and the other is in federal court, and that therefore, under the holding in Long, "the wording of the [wrongful death] Statute does not prohibit both these lawsuits from proceeding simultaneously" because the two suits are not both in state courts (though they submit that there are sound reasons why both should not proceed).  The court in Long provided a rationale for the statute's one-suit requirement, though that rationale did not account for the circumstance of suits being filed in both state and federal court on account of the same wrongful death.  And the court did not explicitly do away with the one-suit requirement.  The statute clearly states, "there shall be but one (1) suit for the same death. . . ."

that this case cannot in equity and good conscience proceed without the joinder of Mrs. Salez and her children.  There is a pending state court action in which plaintiff herein has an absolute right to join and participate, and she thus will have an adequate remedy despite dismissal of this action. Accordingly, the court concludes that the request of Rebecca Salez, Randi Adams Salez and Katherine Davis Love Salez to dismiss for failure to join an indispensable party is granted and this case is hereby dismissed.

    SO ORDERED this 3rd day of July, 2006.

                                            /s/ Tom S. Lee
                                            UNITED STATES DISTRICT JUDGE